UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| GENESIS ATTACHMENTS, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>DETROIT EDGE TOOL COMPANY,<br><br>      Defendant. | Case No.: 3:16-CV-00402-WMC<br><br>JURY TRIAL DEMANDED |

**REPLY IN SUPPORT OF DETROIT EDGE TOOL
COMPANY'S MOTION TO DISMISS OR TRANSFER VENUE**

Genesis does not dispute that this District is an improper venue for its infringement claim under *TC Heartland* and *In re Cray*. Nor does Genesis dispute that affirmatively seeking to transfer venue before these intervening changes in law would have been futile given the then state of the law. Nonetheless, Genesis suggests that DETCO somehow waived its venue defense by timely preserving it from the outset, based on a real possibility that the law would change, and then moving to transfer at the first opportunity after the change in law materialized. DETCO's actions are the antithesis of waiver. Genesis's attempts to distinguish DETCO's cases because DETCO did *more* to preserve its defense than other defendants is illogical, unprecedented, and should be rejected.

Moreover, merely insisting on a proper venue is not "gamesmanship"; in fact, it is quite the opposite. Genesis's claim for patent infringement cannot proceed here, so DETCO rightfully moved to transfer it. On these facts, severance is an option. However, given that all claims arise out of the same operative facts, this Court would be within its discretion to transfer the entire case to the Eastern District of Michigan. Notably, Genesis has not proposed this solution, despite

that it would seem to address its concerns. Instead, Genesis asks this Court to disregard controlling law to keep the entire case in its venue of choice. That is simply not an option in view of the undisputed requirements of *TC Heartland* and *In re Cray*, and Genesis points to no case law to the contrary.

## ARGUMENT

**A.      A defense is not waived when it is preserved from the very beginning.**

Genesis argues that DETCO "was fully aware that it had a venue defense" as early as August 2016 when it raised the defense in its answer and "chose to do nothing" for "eight months before this case was stayed." (Doc. 33, pp. 4-5.) As Genesis well knows, however, when DETCO filed its answer, *TC Heartland* had begun the process of petitioning the Supreme Court for *certiorari* in an attempt to change then-controlling law with respect to the patent venue statute. By raising improper venue in its answer, DETCO was timely preserving its defense based on a real possibility that the law would change in its favor. Of course, before the law changed—i.e., for the "eight months before this case was stayed"—pursuing a motion to transfer would have been futile as the then existing state of the law would not have supported granting such a motion. Genesis does not argue otherwise. For Genesis to suggest that DETCO was sitting on its rights for those eight months is disingenuous. Surely, had DETCO *not* preserved the venue defense in its answer, Genesis would now be arguing that DETCO's inaction amounted to waiver all the same.

**B.      Genesis's attempt to distinguish *In re Micron* is unavailing.**

In its attempt to distinguish *In re Micron*, 875 F.3d 1091 (Fed. Cir. 2018), Genesis seizes on one difference: DETCO proactively plead its venue defense based on the real possibility that

2

the law would change, whereas Micron did not. (Doc. 33, p. 4.) But Genesis does not explain why this should matter. The difference relates to waiver under Rule 12(h). Under Rule 12(h), a venue defense is ordinarily waived if not raised in a first responsive pleading. Whereas DETCO *satisfied* Rule 12(h), Micron was *excused* from its operation based on an intervening change of law. Thus, *In re Micron* ultimately posed the same question at issue here—whether waiver occurred irrespective of Rule 12(h).

As explained in DETCO's opening brief, the Federal Circuit identified three factors that bear on "non-Rule waiver," none of which apply here. *In re Micron*, 875 F.3d at 1102. Although this list was not meant to be exhaustive, Genesis has not suggested any other factor that this Court should consider, aside from the illogical position that DETCO should have pursued its defense before the change in law materialized. That position is foreclosed by *In re Micron* itself, which instructs district courts to consider, as "an obvious starting point," whether the defendant bypassed an opportunity to seek a different forum at a time when "the course of proceedings might well have been altered." *Id*. For reasons already discussed, the proceedings here would *not* have been altered had DETCO pursued its defense during the eight months before the stay, as the Supreme Court had not yet set forth its legal sea change with respect to the patent venue statute.

Further, Genesis's reading of *In re Micron* would impose an unreasonable and unworkable burden on litigants and judges alike. Nothing short of clairvoyance as to the Supreme Court's inclinations would be enough to preserve a defense, and district courts would be forced to devote resources to motions that even the movant acknowledges must be denied under then-existing authority. Here, if anything is to be drawn from *In re Micron*, it is that DETCO did *more* than it was required to do to avoid waiver.

3

### C. DETCO moved to transfer at its first opportunity since the stay was lifted.

Genesis concedes, as it must, that DETCO could not have moved to transfer venue while this case was stayed, but nonetheless asserts that this fact is "not relevant." (Doc. 33, p. 4.) Genesis is wrong. DETCO has cited four cases, all demonstrating that an administrative stay is highly relevant because it changes the "accrual date" for considering whether a venue defense is timely asserted after *TC Heartland*—the precise issue here. *See, e.g.*, *Xodus Med. Inc. v. Prime Med. LLC*, 2018 WL 4385243, at *4 (W.D. Pa. Sept. 14, 2018). In all of those cases, the defense was not waived because it was pursued promptly after the stay was lifted. *See, e.g.*, *id*.

Genesis suggests that DETCO's cases are distinguishable because DETCO raised improper venue as an affirmative defense "at least eight months before the stay," whereas the defendants in DETCO's cases had not previously raised such defense. (Doc. 33, p. 5.) Once again, Genesis does not explain why this should matter. Both before *and* during the stay, the defense was not "available" either because the change in law had not yet materialized or because a stay was in place that prevented DETCO from pursuing it.

While common sense should be enough, at least two cases undermine Genesis's belief that DETCO's affirmative defense should have any impact on this Court's analysis. In *Smart Wearable Technologies Inc. v. Fitbit, Inc.*, No. 3:16CV00077, 2017 WL 3725630 (W.D. Va. Aug. 29, 2017), Fitbit had raised improper venue as an affirmative defense before *TC Heartland* but did not move to transfer venue until after *TC Heartland* was decided. *Id*. at *1. There, Fitbit did not waive the defense by not pursuing it sooner. *Id*. at *4. Similarly, in the related case of *Smart Wearable Techs. Inc. v. TomTom, Inc.*, No. 3:16CV00049, 2017 WL 4693968 (W.D. Va. Aug. 31, 2017), TomTom had expressly denied that venue was proper in its answer back in

4

September 2016 but did not move to transfer until after *TC Heartland*; there, too, TomTom did not waive its objection by not pursuing the defense sooner. *Id*. at *1 & n.1.

**D.     DETCO's counterclaims do not affect the waiver analysis.**

Genesis does not actually contest that venue must be analyzed on a claim-by-claim basis. Nor does Genesis argue that the existence of a counterclaim, in and of itself, can waive venue with respect to the underlying claim. Instead, its argument boils down to the proposed remedy. In particular, Genesis observes that *Schultz v. Ary*, 175 F. Supp. 2d 959 (W.D. Mich. 2001) did not analyze "whether it may be appropriate to *sever* patent infringement claims from counterclaims of non-infringement and invalidity." (Doc. 33, p. 6 (emphasis added)). And with respect to DETCO's other cases involving counterclaims, Genesis points out that the *entire* action was transferred. (Doc. 33, p. 7.) Genesis's point, however, does not go to the waiver question. Rather, it goes to what remedy is appropriate, which is addressed in the next section. To the extent Genesis is suggesting that a request to transfer a claim based on improper venue simultaneously waives the defense of improper venue for that very same claim makes no sense, and Genesis offers no support for it.

**E.     Genesis has not proposed a viable remedy.**

Genesis wants this entire action to proceed here. The crux of Genesis's argument is that transfer of its infringement claim, while leaving the counterclaims, would be inefficient, when all claims involve the same patent or the same parties. (Doc. 33, pp. 7-8.) This misses the point. DETCO is entirely justified in insisting on a proper venue for Genesis's infringement claim based on *TC Heartland*, and that is why it moved to transfer. *TC Heartland* leaves no room to

5

consider inefficiencies—Genesis's patent infringement claim is improperly venued here and must be transferred.

That said, this Court would be within its discretion to decide in the interest of justice to transfer DETCO's counterclaims as well. Those claims need not satisfy the exacting requirements of the patent venue statute. In *VE Holding Corp. v. Johnson Gas Applicance Co.*, 917 F.2d 1574, 1583 (Fed. Cir. 1990), the Federal Circuit held that a claim "alleging that a patent is invalid and not infringed—the mirror image of a suit for patent infringement—is governed by the general venue statutes, not by § 1400(b)," and that holding was left untouched by *TC Heartland*. *See, e.g., Treehouse Avatar LLC v. Valve Corp.*, 2017 WL 5564153, at *4 (D. Del. Nov. 20, 2017), *report and recommendation adopted* 2017 WL 6210506 (D. Del. Dec. 8, 2017) (transferring entire action to Washington and rejecting contention that "Delaware is the only proper venue for Valve's counterclaims").

Rather than propose this alternative, however, Genesis doubles down on its fight to maintain its forum of choice, arguing that DETCO has "conceded" that this District is a proper venue for its counterclaims. (Doc. 33, p. 6.) That's true. This District is *a* proper venue for DETCO's non-patent counterclaims. But DETCO has never taken the position that this District is the only proper venue for its counterclaims, or that the Eastern District of Michigan would be an improper venue. Both are proper venues for the counterclaims. With respect to Genesis's infringement claim, however, the only proper venue is the Eastern District of Michigan. At a minimum, that claim must be either dismissed or transferred to the Eastern District of Michigan. *See* Fed. R. Civ. P. 12(b)(3); 28 U.S.C. § 1406(a). The Court can, in its discretion, transfer all

claims to promote efficient resolution of this matter, which would seem to satisfy Genesis's concerns, albeit in a different forum.

## CONCLUSION

This District is an improper venue for Genesis's infringement claim. Genesis's theory of waiver is without merit, as a defense cannot be waived where, as here, it was preserved from the beginning and pursued at the first available opportunity after a change in the law materialized. Accordingly, DETCO respectfully requests that Genesis's infringement claim be dismissed or transferred to the Eastern District of Michigan. The Eastern District of Michigan is also a proper venue for DETCO's counterclaims, should the Court determine in the interest of justice to transfer the entire action.

Respectfully submitted,

Dated: February 19, 2019

By: /s/Franklin M. Smith
Franklin M. Smith (MI Bar No. P76987)
DICKINSON WRIGHT PLLC
2600 West Big Beaver Rd., Suite 300
Troy, MI 48084
(248) 433-7200
fsmith@dickinsonwright.com

Adam M. Fitzpatrick (WI Bar No. 1098412)
David J. Pliner (WI Bar No. 1000394)
CORNEILLE LAW GROUP LLC
7618 Westward Way, Suite 100
Madison, WI 53717
(608) 662-1180
fitzpatricka@corneillelaw.com
dpliner@corneillelaw.com

*Attorneys for Defendant Detroit Edge Tool Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed electronically and served on all counsel of record on February 19, 2019 via the Court's ECF system.

*/s/Franklin M. Smith*
Franklin M. Smith